# EXHIBIT "A"

Civil Action No. _____

Date Filed _____

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |

Georgia, MUSCOGEE COUNTY

KERRI MICHEELE BAILEY ~ _____

**Attorney's Address** _____

~~EXTRAXXXXXXXXXXX~~ CHRISTOPHER L. MEACHAM
P.O. Box 9031
Columbus, GA 31908

_____ **Plaintiff**

_____ VS.

UROLOGY CENTER OF COLUMBUS, LLC and

**Name and Address of Party to be Served**

UROLOGY CENTER OF COLUMBUS, LLC

REGISTERED AGENT: DR. WILLIAM HARPER, IV
1021 Talbotton Road

COLUMBUS, GA 31904

DR. WILLIAM HARPER, IV _____

_____ **Defendant**

_____ **Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant *Urology Center of Columbus, LLC* a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.
*Summons, Complaint*

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, 20 _11_

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

MUSCOGEE COUNTY, GEORGIA

WHITE: Clerk     CANARY: Plaintiff Attorney     PINK: Defendant

SC-2 Rev.85


EXHIBIT
A

## IN THE SUPERIOR COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

KERRI MICHELLE BAILEY

PLAINTIFF

VS.

UROLOGY CENTER OF COLUMBUS, LLC AND

DR. WILLIAM HARPER, IV
DEFENDANT

FILED IN OFFICE

2011 MAR 18  PM 3: 58

M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

SU11CV929

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Christopher L. Meacham
MEACHAM, EARLEY & FOWLER, P.C.
5704 Veterans Parkway
Columbus, Georgia 31904
(706) 576-4064

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This _____ 18th _____ day of _____ March _____, 2011.

Clerk of Superior Court

By _____
Deputy Clerk

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

FILED IN OFFICE

2011 MAR 18  PM 3: 58

M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

KERRI MICHELLE BAILEY,          *
                                *
        PLAINTIFF,              *        CIVIL ACTION
                                *
vs.                             *        FILE NO: ___SU11CV979___
                                *
                                *
UROLOGY CENTER OF COLUMBUS,     *
LLC and DR. WILLIAM HARPER, IV  *
                                *
        DEFENDANTS.             *

## COMPLAINT

COMES NOW KERRI MICHELLE BAILEY, a resident of the State of Georgia (hereafter "Plaintiff"), by and through her undersigned attorney, and files this Complaint against UROLOGY CENTER OF COLUMBUS, LLC, (hereinafter "UCC") a Corporation incorporated in the State of Georgia, and DR. WILLIAM HARPER, IV (hereinafter "Harper"), an individual domiciled in the State of Georgia, (UCC and Harper sometimes collectively referred to herein as the "Defendants") and respectfully shows unto this Honorable Court as follows:

1.

Plaintiff is a resident of the State of Georgia and submits herself to the jurisdiction of this Honorable Court.

2.

UCC is a Corporation incorporated in the State of Georgia.  UCC is currently transacting business in the jurisdiction and venue of this Court, and service may be perfected upon its Chief Executive Officer and Registered Agent, Dr. William Harper, IV, at the following address: 1021 Talbotton Road, Columbus, Georgia 31904.

3.

Harper is an individual residing in the State of Georgia. Harper is currently residing and transacting business in the jurisdiction and venue of this Court, and service may be perfected at the following address: 1021 Talbotton Road, Columbus, Georgia, 31904.

4.

Plaintiff was employed by UCC as Coordinator, Financial Services and acted as a full time employee at all times relevant to this complaint.

5.

While Plaintiff was an employee of UCC, she received an hourly wage of $36.06/hr. for all duties and responsibilities to which she was assigned from time to time.

6.

During Plaintiff's employment she routinely worked in excess of 40 hours per week, at times working in excess of 80 hours per week. She was, however, paid for only 40 hours of work per week.

7.

In December, 2009, Plaintiff's hours of work were reduced to no more than 12 hours per day by Heather Tharpe, a UCC employee and Plaintiff's immediate supervisor, because of an expressed concern over Defendant UCC's overtime liability and the fact that her compensation exceeded that of Heather Tharpe.

8.

On or about March 11, 2009, Plaintiff's hours of work were again reduced to 8 hours a day citing the same overtime liability concern.

9.

Since the date Heather Tharpe was promoted to be Plaintiff's immediate supervisor, Plaintiff was harassed by Heather Tharpe because of her complaints about sexual discrimination and retaliation creating a hostile work environment.  Harper and Heather Tharpe were involved in improper personal and sexual relationships which encouraged discriminatory promotion and pay practices within the UCC organization.

10.

UCC had specific knowledge of past improper personal relationships within the office between Harper and other UCC personnel, but took no action against Harper to prevent future incidents of a similar nature thereby condoning such actions by Harper.

11.

Plaintiff was wrongfully terminated from her employment with UCC by Harper and Heather Tharpe on March 21, 2010.

## CAUSES OF ACTION

COUNT I – RECOVERY OF UNPAID OVERTIME WAGES

12.

Pursuant to the Fair Labor Standards Act, 29 U.S.C.S. § 207, (the "Act") employees falling under the statute's purview are entitled to receive overtime wages of one and one-half times their normal hourly wages for every hour worked above 40 hours in a given work week as defined in the Act.

13.

Plaintiff was employed by UCC on a salaried wage basis. Plaintiff regularly worked in excess of 80 hours every week during the periods of her employment. She was, however, only

paid her hourly rate for 40 hours every week. She was never compensated for any work past the 40 hour mark.  Plaintiff was not an exempt employee under the Act.

14.

Plaintiff has suffered monetary damages from not being paid her statutorily prescribed overtime wages. Defendants have willfully failed to pay Plaintiff her overtime wages, which should be $54.09/hr for every hour over 40 hours per week as worked by Plaintiff.  At one point in her employment, her supervisor, Heather Tharpe, advised Plaintiff to reduce her hours worked because of Defendant's UCC overtime liability.

15.

Defendants have willfully refused to pay Plaintiff the overtime wages she was due pursuant to the Act. Plaintiff should be awarded attorney costs and other expenses of litigation according to 29 U.S.C. § 216. Plaintiff also seeks liquidated damages, in addition to his unpaid compensation damages, due to the willful refusal of the Defendants to properly compensate Plaintiff for her work.

COUNT II – RECOVERY OF UNPAID WAGES

16.

Plaintiff adopts and realleges Paragraphs 1 through 15 of the Complaint herein and incorporates such paragraphs as if completely set forth.

17.

Plaintiff was employed by UCC on a salaried wage basis. Plaintiff regularly worked in excess of 80 hours every week. She was, however, only paid her hourly rate for 40 hours every week. She was never compensated for her work past the 40 hour mark.

18.

Plaintiff has suffered monetary damages from not being paid all of her wages. The Defendants have willfully failed to pay Plaintiff her wages, which should be $54.09/hr for every hour of overtime worked.

COUNT III – BREACH OF CONTRACT

19.

Plaintiff adopts and realleges Paragraphs 1 through 18 of the Complaint herein and incorporates such paragraphs as if completely set forth.

20.

Plaintiff was wrongfully terminated on March 25, 2010.

21.

On March 25, 2010, Defendant UCC, through its supervisory officer, Heather Tharpe, offered Plaintiff a $20,000 severance package, so long as such severance package was accepted by noon on March 26, 2010, the following day. Plaintiff contacted Heather Tharpe the following day at 9:00 a.m. to accept the severance package, but was informed that the severance offer had been rescinded without notice.

22.

Defendants have continuously refused to pay Plaintiff the $20,000 severance pay it offered to Plaintiff, and was accepted by Plaintiff while the offer was still open and valid.

23.

For failure to compensate Plaintiff for acceptance of the severance agreement while the offer was still open according to the terms of Defendant's offer, Defendants have willfully breached the severance agreement entered into by Plaintiff and Defendants.

24.

Plaintiff has suffered monetary damages as a result of Defendant's breach. Plaintiff seeks to recover all unpaid severance benefits she is due pursuant to her contractual settlement agreement with Defendants.

COUNT IV – FRAUDULENT MISREPRESENTATION

25.

Plaintiff adopts and realleges Paragraphs 1 through 24 of the Complaint herein and incorporates such paragraphs as if completely set forth.

26.

In December 2009, Plaintiff was given an employee performance evaluation by Tharpe showing Plaintiff's positive job performance.  Plaintiff questioned Tharpe as to her continued employment by UCC because of her intent to purchase a home and her need for an assured future income/salary. During this evaluation, Plaintiff was assured by Tharpe that she would have continued employment with UCC, but Tharpe knew that Plaintiff was about to be terminated pursuant to her discussions with Harper.

27.

After receiving satisfactory results on her performance evaluation, Plaintiff again inquired about the details of her continued job security with UCC. Plaintiff specifically told the Defendants that she was planning on purchasing a home so long as she had a guarantee of secured employment with UCC.

28.

Tharpe told Plaintiff that her job was safe and that she could purchase the home based on her continued employment with UCC.

29.

The Defendants' statement to Plaintiff regarding her job security with UCC was a false and intentional misrepresentation of their future plans for Plaintiff. When Defendants made the affirmative statement to Plaintiff regarding her continued employment with UCC, Defendants had already made plans to terminate Plaintiff from UCC in the immediate future.

30.

Defendants had reason to believe that Plaintiff would rely on their statements regarding her continued employment at UCC, and continued to lead Plaintiff to believe her job was safe.

31.

Plaintiff did in fact rely on the statements she received from Defendants, and Plaintiff subsequently purchased a home based upon her reliance on the statements of continued employment made by Defendants.

32.

Plaintiff's reliance on the aforementioned statements was to her detriment, as she was terminated shortly after the statements were made and also after she had purchased her home.

33.

Plaintiff has been damaged due to her reliance on the intentionally false misrepresentations made by Defendants in an amount to be proved at trial.

COUNT V – QUANTUM MERUIT

34.

Plaintiff adopts and realleges paragraphs 1 through 33 of the Complaint herein and incorporates such paragraphs as if completely set forth.

35.

During the term of Plaintiff's employment with UCC, Plaintiff rendered work, labor, and services to UCC, at the request and on behalf of UCC, for which UCC is obligated to pay Plaintiff the reasonable value of her services.

36.

At all times herein mentioned, the reasonable value for the above services performed by Plaintiff each and is $36.06 per hour for each and every hour of labor performed.

37.

Defendant has refused to pay Plaintiff the reasonable value of her services for work performed in excess of 40 hours per week. Plaintiff has worked an average of 80 hours per week during her employment, but Defendant has failed to pay Plaintiff for the excess hours. None of the hours worked by Plaintiff in excess of 40 hours per week have been paid notwithstanding repeated demands of payment thereof.

COUNT VI – NEGLIGENT SUPERVISION

38.

Plaintiff adopts and realleges paragraphs 1 through 37 of the Complaint herein and incorporates such paragraphs as if completely set forth.

39.

Defendant UCC at all times had a non-delegable duty arising from its special relationship with the public and with the Plaintiff as an employer to exercise a high degree of care and supervision of the workplace.  UCC was negligent in the following actions.

(a)     Permitting Harper and Heather Tharpe to engage in improper personal and sexual relationships within the workplace;

(b)    By allowing Harper and Heather Tharpe to engage in relationships which encouraged discriminatory promotion and pay practices within the UCC workplace;

(c)    By failing to maintain and enforce the policy and/or practice against personal relationships between management, supervisors and employees of UCC which would allow such relationships to exercise authority over subordinate employees resulting in adverse personnel actions against those who complain, express concern or report a known or suspected violation of organizational policy over what they believe is a hostile work environment in the workplace;

(d)    By failing to properly supervise management employees and their relationships with other management or subordinate employees of UCC; and

(e)    By retaliating against persons who complain, express concern or report about a hostile work environment.

40.

UCC had prior specific knowledge of past improper personal and sexual relationships between Harper and UCC employees.  Knowing the facts of such relationships, UCC condoned Harper's continuing improper relationships with Heather Tharpe and other UCC employees thereby creating a hostile work environment within the workplace for Plaintiff and other employees of UCC.

41.

UCC's inactions in failing to supervise and discipline Harper and Heather Tharpe for their improper personal and sexual relationships resulting in a termination of Plaintiff which was proximately caused by the negligence, carelessness and reckless disregard of Defendants in their duties as an employer to provide a safe and nondiscriminatory workplace.

42.

As a result of the actions of the Defendants, UCC and Harper are thus legally responsible for the damages attributable to Plaintiff's wrongful termination.

COUNT VII – NEGLIGENT RETENTION

43.

Plaintiff adopts and realleges paragraphs 1 through 42 of the Complaint herein and incorporates such paragraphs as if completely set forth.

44.

In knowingly permitting Harper and Heather Tharpe to engage in improper personal and sexual relationships within the UCC workplace which encouraged discriminatory promotion and pay practices against other employees, UCC had a duty to discipline or otherwise terminate Heather Tharpe's employment by UCC in order to prevent harm and/or other adverse personnel actions toward other employees.

45.

UCC was aware and had specific knowledge of improper personal and sexual relationships between Harper and Heather Tharpe; and having knowledge of such a relationship, failed to take such actions that were needful and necessary to terminate the relationship by termination or other adverse personnel actions against Heather Tharpe such as to remove her from the position where she could adversely affect the employment relationship of other employees of UCC.

46.

UCC's inaction in failing to take appropriate disciplinary action up to and including termination of Heather Tharpe for improper personal and sexual relationships between her and

Harper, and permitting the continued retention of her employment, resulted in the wrongful termination of Plaintiff.

47.

The termination of Plaintiff's employment by UCC was proximately caused by the negligence, carelessness and reckless disregard of Plaintiff's rights as an employee of UCC, and that the Defendants named herein are thus legally responsible to Plaintiff for the damages resulting therefrom.

48.

The conduct and failures of Defendants as set forth herein, in addition to the negligence of UCC in failing to take such actions as may be necessary and needful to protect the interests of all employees of UCC, constitutes such an entire want of care as to constitute a conscious indifference to the rights or welfare of the UCC employees, specifically including the Plaintiff, such as constitutes what is known in law as gross negligence.

COUNT VIII - PUNITIVE DAMAGES

49.

Plaintiff adopts and realleges paragraphs 1 through 48 of the Complaint herein and incorporates such paragraphs as if completely set forth.

50.

Defendant's willful and intentional misrepresentation of a material fact involving Plaintiff's continued employment knowing such fact to be wrongful at the time it was made is a tort for which Plaintiff should be awarded punitive damages to deter the wrongdoer from such acts in an amount as determined by an impartial trier of fact.

51.

Defendant's willful failure to properly supervise UCC employees Harper and Heather Tharpe from engaging in conduct that makes it difficult for another employee(s) to perform his/her job is a tort for which Plaintiff should be awarded punitive damages to deter the wrongdoer from such acts in an amount as determined by an impartial trier of fact.

52.

UCC's willful failure to terminate Defendant or discipline Heather Tharpe for improper conduct involving Harper which created a hostile work environment and makes it difficult for another employee(s) to do his/her job is a tort for which Plaintiff should be awarded punitive damages to deter the wrongdoer from such acts in an amount as determined by an impartial trier of fact.

WHEREFORE, Plaintiff respectfully prays unto this Honorable Court as follows:

(a)     That process issue and Defendants be served according to law;

(b)     That Plaintiff be awarded her overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207;

(c)     That Plaintiff be awarded all of her unpaid wages at the proper hourly rate as agreed upon between Plaintiff and Defendants;

(d)     That Plaintiff be awarded liquidated damages for Defendants' willful violation of the Fair Labor Standards Act and breach of contract;

(e)     That Plaintiff be awarded its attorneys fees and expenses of litigation, pursuant to Fair Labor Standards Act, 29 U.S.C. § 216;

(f)     That Plaintiff be awarded the reasonable value of services performed for Defendant in all work weeks during her employment with Defendant;

(g)     That Plaintiff be awarded damages that she suffered due to her reliance on the Defendants' assurances of continued employment and financial stability;

(h)     That Plaintiff be awarded damages for Defendant's willful breach of the severance agreement;

(i)     That Plaintiff be awarded punitive damages in an amount to be determined by an impartial finding of fact to deter the wrongdoer from further actions similar to those set forth herein; and

(j)     For such other and further relief as may ordered by this Honorable Court.

Respectfully submitted this 18th day of March , 2011.

MEACHAM, EARLEY & FOWLER, P.C.

Attorneys for Plaintiff

Christopher L. Meacham
Georgia Bar No. 500050

MEACHAM, EARLEY & FOWLER, P.C.
P. O. Box 9031
Columbus, GA 31908
(706) 576-4064

## VERIFICATION

**STATE OF GEORGIA**

**COUNTY OF MUSCOGEE**

Personally appeared before me, the undersigned, KERRI MICHELLE BAILEY, after first being duly sworn, deposes and says that she is the Plaintiff in the foregoing captioned cause, and that the facts contained herein are true and correct.

KERRI MICHELLE BAILEY

Sworn to and subscribed before me this 18th day of March, 2011.

Notary Public
My Commission Expires: 08/5/2011

Civil Action No. _S111CV0109_

Date Filed _March 18, 2011_

Attorney's Address _315172_

CHRISTOPHER L. MEACHAM
~~Meacham Law Firm~~
P.O. Box 9031
Columbus, GA 31908

**Name and Address of Party to be Served**

DR. WILLIAM HARPER, IV

1021 TALBOTTON ROAD

COLUMBUS, GA 31904

**Superior Court** ☒

**State Court** ☐

Georgia, MUSCOGEE COUNTY

KERRI MICHAELE BAILEY _(CV0109)_

_____

**Plaintiff**

VS.

_(CV0109)_
UROLOGY CENTER OF COLUMBUS, LLC and

DR. WILLIAM HARPER, IV _(CV0109)_

**Defendant**

_____

**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant _Dr. William Harper IV_ _____ personally with a copy of the within action and summons. _Complaint_

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _March_, 20_11_.

_____
**DEPUTY**

SHERIFF DOCKET _____ PAGE _21334_

MUSCOGEE COUNTY, GEORGIA

WHITE: Clerk       CANARY: Plaintiff Attorney       PINK: Defendant

SC-2 Rev.85

## IN THE SUPERIOR COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

KERRI MICHELLE BAILEY

                                    PLAINTIFF

VS.

UROLOGY CENTER OF COLUMBUS, LLC AND

DR. WILLIAM HARPER, IV
                                    DEFENDANT

FILED IN OFFICE

2011 MAR 18  PM 3: 58

H. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

SU11CV979

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Christopher L. Meacham
MEACHAM, EARLEY & FOWLER, P.C.
5704 Veterans Parkway
Columbus, Georgia 31904
(706) 576-4064

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This _____18th_____ day of _____March_____, 2011.

Clerk of Superior Court

By _____
                    Deputy Clerk

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY FILED IN OFFICE
STATE OF GEORGIA

2011 MAR 18  PM 3: 58

KERRI MICHELLE BAILEY,                    *
                                          *        M. LINDA PIERCE
                                          *        MUSCOGEE COUNTY
       PLAINTIFF,                         *   CIVIL ACTION   SUPERIOR COURT
                                          *
vs.                                       *   FILE NO: SU11CV979
                                          *
                                          *
UROLOGY CENTER OF COLUMBUS,               *
LLC and DR. WILLIAM HARPER, IV            *
                                          *
       DEFENDANTS.                        *

## COMPLAINT

COMES NOW KERRI MICHELLE BAILEY, a resident of the State of Georgia
(hereafter "Plaintiff"), by and through her undersigned attorney, and files this Complaint against
UROLOGY CENTER OF COLUMBUS, LLC, (hereinafter "UCC") a Corporation incorporated
in the State of Georgia, and DR. WILLIAM HARPER, IV (hereinafter "Harper"), an individual
domiciled in the State of Georgia, (UCC and Harper sometimes collectively referred to herein as
the "Defendants") and respectfully shows unto this Honorable Court as follows:

1.

Plaintiff is a resident of the State of Georgia and submits herself to the jurisdiction of this
Honorable Court.

2.

UCC is a Corporation incorporated in the State of Georgia.  UCC is currently transacting
business in the jurisdiction and venue of this Court, and service may be perfected upon its Chief
Executive Officer and Registered Agent, Dr. William Harper, IV, at the following address: 1021
Talbotton Road, Columbus, Georgia 31904.

3.

Harper is an individual residing in the State of Georgia.  Harper is currently residing and transacting business in the jurisdiction and venue of this Court, and service may be perfected at the following address: 1021 Talbotton Road, Columbus, Georgia, 31904.

4.

Plaintiff was employed by UCC as Coordinator, Financial Services and acted as a full time employee at all times relevant to this complaint.

5.

While Plaintiff was an employee of UCC, she received an hourly wage of $36.06/hr. for all duties and responsibilities to which she was assigned from time to time.

6.

During Plaintiff's employment she routinely worked in excess of 40 hours per week, at times working in excess of 80 hours per week.  She was, however, paid for only 40 hours of work per week.

7.

In December, 2009, Plaintiff's hours of work were reduced to no more than 12 hours per day by Heather Tharpe, a UCC employee and Plaintiff's immediate supervisor, because of an expressed concern over Defendant UCC's overtime liability and the fact that her compensation exceeded that of Heather Tharpe.

8.

On or about March 11, 2009, Plaintiff's hours of work were again reduced to 8 hours a day citing the same overtime liability concern.

9.

Since the date Heather Tharpe was promoted to be Plaintiff's immediate supervisor, Plaintiff was harassed by Heather Tharpe because of her complaints about sexual discrimination and retaliation creating a hostile work environment. Harper and Heather Tharpe were involved in improper personal and sexual relationships which encouraged discriminatory promotion and pay practices within the UCC organization.

10.

UCC had specific knowledge of past improper personal relationships within the office between Harper and other UCC personnel, but took no action against Harper to prevent future incidents of a similar nature thereby condoning such actions by Harper.

11.

Plaintiff was wrongfully terminated from her employment with UCC by Harper and Heather Tharpe on March 21, 2010.

## CAUSES OF ACTION

### COUNT I – RECOVERY OF UNPAID OVERTIME WAGES

12.

Pursuant to the Fair Labor Standards Act, 29 U.S.C.S. § 207, (the "Act") employees falling under the statute's purview are entitled to receive overtime wages of one and one-half times their normal hourly wages for every hour worked above 40 hours in a given work week as defined in the Act.

13.

Plaintiff was employed by UCC on a salaried wage basis. Plaintiff regularly worked in excess of 80 hours every week during the periods of her employment. She was, however, only

paid her hourly rate for 40 hours every week. She was never compensated for any work past the 40 hour mark.  Plaintiff was not an exempt employee under the Act.

14.

Plaintiff has suffered monetary damages from not being paid her statutorily prescribed overtime wages. Defendants have willfully failed to pay Plaintiff her overtime wages, which should be $54.09/hr for every hour over 40 hours per week as worked by Plaintiff.  At one point in her employment, her supervisor, Heather Tharpe, advised Plaintiff to reduce her hours worked because of Defendant's UCC overtime liability.

15.

Defendants have willfully refused to pay Plaintiff the overtime wages she was due pursuant to the Act. Plaintiff should be awarded attorney costs and other expenses of litigation according to 29 U.S.C. § 216. Plaintiff also seeks liquidated damages, in addition to his unpaid compensation damages, due to the willful refusal of the Defendants to properly compensate Plaintiff for her work.

COUNT II – RECOVERY OF UNPAID WAGES

16.

Plaintiff adopts and realleges Paragraphs 1 through 15 of the Complaint herein and incorporates such paragraphs as if completely set forth.

17.

Plaintiff was employed by UCC on a salaried wage basis. Plaintiff regularly worked in excess of 80 hours every week. She was, however, only paid her hourly rate for 40 hours every week. She was never compensated for her work past the 40 hour mark.

18.

Plaintiff has suffered monetary damages from not being paid all of her wages. The Defendants have willfully failed to pay Plaintiff her wages, which should be $54.09/hr for every hour of overtime worked.

## COUNT III – BREACH OF CONTRACT

19.

Plaintiff adopts and realleges Paragraphs 1 through 18 of the Complaint herein and incorporates such paragraphs as if completely set forth.

20.

Plaintiff was wrongfully terminated on March 25, 2010.

21.

On March 25, 2010, Defendant UCC, through its supervisory officer, Heather Tharpe, offered Plaintiff a $20,000 severance package, so long as such severance package was accepted by noon on March 26, 2010, the following day. Plaintiff contacted Heather Tharpe the following day at 9:00 a.m. to accept the severance package, but was informed that the severance offer had been rescinded without notice.

22.

Defendants have continuously refused to pay Plaintiff the $20,000 severance pay it offered to Plaintiff, and was accepted by Plaintiff while the offer was still open and valid.

23.

For failure to compensate Plaintiff for acceptance of the severance agreement while the offer was still open according to the terms of Defendant's offer, Defendants have willfully breached the severance agreement entered into by Plaintiff and Defendants.

24.

Plaintiff has suffered monetary damages as a result of Defendant's breach. Plaintiff seeks to recover all unpaid severance benefits she is due pursuant to her contractual settlement agreement with Defendants.

## COUNT IV – FRAUDULENT MISREPRESENTATION

25.

Plaintiff adopts and realleges Paragraphs 1 through 24 of the Complaint herein and incorporates such paragraphs as if completely set forth.

26.

In December 2009, Plaintiff was given an employee performance evaluation by Tharpe showing Plaintiff's positive job performance.  Plaintiff questioned Tharpe as to her continued employment by UCC because of her intent to purchase a home and her need for an assured future income/salary. During this evaluation, Plaintiff was assured by Tharpe that she would have continued employment with UCC, but Tharpe knew that Plaintiff was about to be terminated pursuant to her discussions with Harper.

27.

After receiving satisfactory results on her performance evaluation, Plaintiff again inquired about the details of her continued job security with UCC. Plaintiff specifically told the Defendants that she was planning on purchasing a home so long as she had a guarantee of secured employment with UCC.

28.

Tharpe told Plaintiff that her job was safe and that she could purchase the home based on her continued employment with UCC.

29.

The Defendants' statement to Plaintiff regarding her job security with UCC was a false and intentional misrepresentation of their future plans for Plaintiff. When Defendants made the affirmative statement to Plaintiff regarding her continued employment with UCC, Defendants had already made plans to terminate Plaintiff from UCC in the immediate future.

30.

Defendants had reason to believe that Plaintiff would rely on their statements regarding her continued employment at UCC, and continued to lead Plaintiff to believe her job was safe.

31.

Plaintiff did in fact rely on the statements she received from Defendants, and Plaintiff subsequently purchased a home based upon her reliance on the statements of continued employment made by Defendants.

32.

Plaintiff's reliance on the aforementioned statements was to her detriment, as she was terminated shortly after the statements were made and also after she had purchased her home.

33.

Plaintiff has been damaged due to her reliance on the intentionally false misrepresentations made by Defendants in an amount to be proved at trial.

COUNT V – QUANTUM MERUIT

34.

Plaintiff adopts and realleges paragraphs 1 through 33 of the Complaint herein and incorporates such paragraphs as if completely set forth.

35.

During the term of Plaintiff's employment with UCC, Plaintiff rendered work, labor, and services to UCC, at the request and on behalf of UCC, for which UCC is obligated to pay Plaintiff the reasonable value of her services.

36.

At all times herein mentioned, the reasonable value for the above services performed by Plaintiff each and is $36.06 per hour for each and every hour of labor performed.

37.

Defendant has refused to pay Plaintiff the reasonable value of her services for work performed in excess of 40 hours per week. Plaintiff has worked an average of 80 hours per week during her employment, but Defendant has failed to pay Plaintiff for the excess hours. None of the hours worked by Plaintiff in excess of 40 hours per week have been paid notwithstanding repeated demands of payment thereof.

COUNT VI – NEGLIGENT SUPERVISION

38.

Plaintiff adopts and realleges paragraphs 1 through 37 of the Complaint herein and incorporates such paragraphs as if completely set forth.

39.

Defendant UCC at all times had a non-delegable duty arising from its special relationship with the public and with the Plaintiff as an employer to exercise a high degree of care and supervision of the workplace. UCC was negligent in the following actions.

(a)     Permitting Harper and Heather Tharpe to engage in improper personal and sexual relationships within the workplace;

(b)     By allowing Harper and Heather Tharpe to engage in relationships which encouraged discriminatory promotion and pay practices within the UCC workplace;

(c)     By failing to maintain and enforce the policy and/or practice against personal relationships between management, supervisors and employees of UCC which would allow such relationships to exercise authority over subordinate employees resulting in adverse personnel actions against those who complain, express concern or report a known or suspected violation of organizational policy over what they believe is a hostile work environment in the workplace;

(d)     By failing to properly supervise management employees and their relationships with other management or subordinate employees of UCC; and

(e)     By retaliating against persons who complain, express concern or report about a hostile work environment.

40.

UCC had prior specific knowledge of past improper personal and sexual relationships between Harper and UCC employees.  Knowing the facts of such relationships, UCC condoned Harper's continuing improper relationships with Heather Tharpe and other UCC employees thereby creating a hostile work environment within the workplace for Plaintiff and other employees of UCC.

41.

UCC's inactions in failing to supervise and discipline Harper and Heather Tharpe for their improper personal and sexual relationships resulting in a termination of Plaintiff which was proximately caused by the negligence, carelessness and reckless disregard of Defendants in their duties as an employer to provide a safe and nondiscriminatory workplace.

42.

As a result of the actions of the Defendants, UCC and Harper are thus legally responsible for the damages attributable to Plaintiff's wrongful termination.

COUNT VII – NEGLIGENT RETENTION

43.

Plaintiff adopts and realleges paragraphs 1 through 42 of the Complaint herein and incorporates such paragraphs as if completely set forth.

44.

In knowingly permitting Harper and Heather Tharpe to engage in improper personal and sexual relationships within the UCC workplace which encouraged discriminatory promotion and pay practices against other employees, UCC had a duty to discipline or otherwise terminate Heather Tharpe's employment by UCC in order to prevent harm and/or other adverse personnel actions toward other employees.

45.

UCC was aware and had specific knowledge of improper personal and sexual relationships between Harper and Heather Tharpe; and having knowledge of such a relationship, failed to take such actions that were needful and necessary to terminate the relationship by termination or other adverse personnel actions against Heather Tharpe such as to remove her from the position where she could adversely affect the employment relationship of other employees of UCC.

46.

UCC's inaction in failing to take appropriate disciplinary action up to and including termination of Heather Tharpe for improper personal and sexual relationships between her and

Harper, and permitting the continued retention of her employment, resulted in the wrongful termination of Plaintiff.

47. .

The termination of Plaintiff's employment by UCC was proximately caused by the negligence, carelessness and reckless disregard of Plaintiff's rights as an employee of UCC, and that the Defendants named herein are thus legally responsible to Plaintiff for the damages resulting therefrom.

48.

The conduct and failures of Defendants as set forth herein, in addition to the negligence of UCC in failing to take such actions as may be necessary and needful to protect the interests of all employees of UCC, constitutes such an entire want of care as to constitute a conscious indifference to the rights or welfare of the UCC employees, specifically including the Plaintiff, such as constitutes what is known in law as gross negligence.

COUNT VIII - PUNITIVE DAMAGES

49.

Plaintiff adopts and realleges paragraphs 1 through 48 of the Complaint herein and incorporates such paragraphs as if completely set forth.

50.

Defendant's willful and intentional misrepresentation of a material fact involving Plaintiff's continued employment knowing such fact to be wrongful at the time it was made is a tort for which Plaintiff should be awarded punitive damages to deter the wrongdoer from such acts in an amount as determined by an impartial trier of fact.

51.

Defendant's willful failure to properly supervise UCC employees Harper and Heather Tharpe from engaging in conduct that makes it difficult for another employee(s) to perform his/her job is a tort for which Plaintiff should be awarded punitive damages to deter the wrongdoer from such acts in an amount as determined by an impartial trier of fact.

52.

UCC's willful failure to terminate Defendant or discipline Heather Tharpe for improper conduct involving Harper which created a hostile work environment and makes it difficult for another employee(s) to do his/her job is a tort for which Plaintiff should be awarded punitive damages to deter the wrongdoer from such acts in an amount as determined by an impartial trier of fact.

WHEREFORE, Plaintiff respectfully prays unto this Honorable Court as follows:

(a)     That process issue and Defendants be served according to law;

(b)     That Plaintiff be awarded her overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207;

(c)     That Plaintiff be awarded all of her unpaid wages at the proper hourly rate as agreed upon between Plaintiff and Defendants;

(d)     That Plaintiff be awarded liquidated damages for Defendants' willful violation of the Fair Labor Standards Act and breach of contract;

(e)     That Plaintiff be awarded its attorneys fees and expenses of litigation, pursuant to Fair Labor Standards Act, 29 U.S.C. § 216;

(f)     That Plaintiff be awarded the reasonable value of services performed for Defendant in all work weeks during her employment with Defendant;

(g)     That Plaintiff be awarded damages that she suffered due to her reliance on the Defendants' assurances of continued employment and financial stability;

(h)     That Plaintiff be awarded damages for Defendant's willful breach of the severance agreement;

(i)     That Plaintiff be awarded punitive damages in an amount to be determined by an impartial finding of fact to deter the wrongdoer from further actions similar to those set forth herein; and

(j)     For such other and further relief as may ordered by this Honorable Court.

Respectfully submitted this 18th day of March, 2011.

MEACHAM, EARLEY & FOWLER, P.C.

Attorneys for Plaintiff

Christopher L. Meacham
Georgia Bar No. 500050

MEACHAM, EARLEY & FOWLER, P.C.
P. O. Box 9031
Columbus, GA 31908
(706) 576-4064

## VERIFICATION

**STATE OF GEORGIA**

**COUNTY OF MUSCOGEE**

Personally appeared before me, the undersigned, KERRI MICHELLE BAILEY, after first being duly sworn, deposes and says that she is the Plaintiff in the foregoing captioned cause, and that the facts contained herein are true and correct.

_____
KERRI MICHELLE BAILEY

Sworn to and subscribed before me this
18th day of March _____, 2011.

_____
Notary Public
My Commission Expires: 08/5/2011