IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KERRI MICHELLE BAILEY,            *

    Plaintiff,            *

vs.                               *

                                         CASE NO. 4:11-CV-42 (CDL)

UROLOGY CENTER OF COLUMBUS, LLC *
and DR. WILLIAM M. HARPER, IV,

                              *

    Defendants.

_____ *

## O R D E R

After Defendant William Harper, IV ("Harper") sought to dismiss all of Plaintiff Kerri Michelle Bailey's ("Bailey") claims against him because they failed to state a claim upon which relief may be granted (ECF No. 5) and after Defendant Urology Center of Columbus, LLC ("UCC") sought dismissal of five of the eight counts of Bailey's Complaint against it for failure to state a claim (ECF No. 6), Bailey filed a motion to dismiss her entire Complaint without prejudice (ECF No. 14).  The Court finds that Bailey's Complaint against Harper fails to state claims upon which relief may be granted, and therefore, Bailey's Complaint against Harper is dismissed with prejudice in its entirety.  The Court also finds that Counts II, IV, VI, VII, and VIII of Bailey's Complaint against UCC fail to state claims upon which relief may be granted, and therefore, those counts against UCC are dismissed with prejudice.  The remaining counts against

UCC (Counts I, III, and V) are dismissed without prejudice pursuant to Bailey's motion to dismiss. The Court declines to impose conditions on the voluntary dismissal of Counts I, III, and V. UCC's Counterclaim remains pending.

FACTUAL ALLEGATIONS AND BACKGROUND

**I.   Bailey's Complaint**

Bailey brought an eight count Complaint against Harper and Bailey's former employer, UCC. Count I alleges that UCC failed to pay Bailey overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Notice of Removal Ex. A, Compl. ¶¶ 12-15, ECF No. 1-2. Count II alleges that Bailey "regularly worked in excess of 80 hours every week" but was never compensated for more than 40 hours of work. *Id.* ¶¶ 16-18. Count III alleges that UCC breached its agreement to pay Bailey a severance package after UCC terminated Bailey. *Id.* ¶¶ 19-24. Count IV alleges that UCC's employee, Heather Tharpe, fraudulently represented to Bailey in December of 2009 that Bailey's "job was safe," that Bailey relied on that representation and purchased a house, that at the time of the representation UCC "had already made plans to terminate" Bailey, and that Bailey was later terminated from her job in March of 2010. *Id.* ¶¶ 11, 20, 25-33. Count V alleges that UCC did not pay Bailey "the reasonable value of her services for work performed in excess of 40 hours per week." *Id.* ¶¶ 34-37. Count

VI alleges that UCC negligently supervised its employees by condoning improper relationships between Harper and UCC employees and that Harper's improper relationships with the other UCC employees created a "hostile work environment." *Id.* ¶¶ 38-42. Bailey appears to contend that Harper's alleged inappropriate relationship with an employee named Heather Tharpe resulted in Bailey's termination, *id.* ¶ 41, and that UCC and Harper "are thus legally responsible for the damages attributable to [Bailey's] wrongful termination," *id.* ¶ 42. Count VII alleges that UCC negligently retained Heather Tharpe and that UCC's failure to terminate Tharpe resulted in Bailey's termination. *Id.* ¶¶ 43-48. Bailey does not allege any facts regarding how Tharpe or Harper's alleged relationship with Tharpe caused Bailey's termination. In fact, Bailey does not allege any facts about her termination, except that it occurred on either March 21, 2010, *id.* ¶ 11, or March 25, 2010, *id.* ¶ 20. In Count VIII of her Complaint, Bailey seeks punitive damages based on Count IV, Count VI, and Count VII. *Id.* ¶¶ 49-52.

**II.  UCC's Counterclaim**

UCC filed a counterclaim, alleging that Bailey breached her confidentiality agreement with UCC, Answer & Countercl. 21-23 ¶¶ 16-24, ECF No. 4, violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *id.* at 23-28 ¶¶ 25-42, and violated the Georgia

Computer Systems Protection Act, O.C.G.A. § 16-9-90 *et seq.*, *id.* at 28-32 ¶¶ 43-54.

### III. Defendants' Motions to Dismiss

On April 27, 2011, Harper filed a Motion to Dismiss all claims against him (ECF No. 5), and UCC filed a Partial Motion to Dismiss Counts II, IV, VI, VII, and VIII of Bailey's Complaint (ECF No. 6).  Bailey did not respond to either Motion to Dismiss.

### IV. Bailey's Motion for Voluntary Dismissal

On June 7, 2011—two weeks after her responses to the Motions to Dismiss were due—Bailey filed a Motion for Voluntary Dismissal Without Prejudice "so that she can fully evaluate the case in light of . . . new information, and so that she can determine which claims, if any, are meritorious and should be pursued."  Pl.'s Mot. for Voluntary Dismissal Without Prejudice 2 ¶ 8, ECF No. 14.  Defendants oppose Bailey's Motion for Voluntary Dismissal Without Prejudice.  Bailey did not describe in her motion what "new information" she obtained, but she all but admitted in her reply brief that she did not adequately investigate her claims before filing her Complaint: Bailey stated in her reply brief that she "has learned that an employee of Urology Center of Columbus other than Defendant Harper may be directly responsible for the harm that she suffered."  Pl.'s Resp. to Defs.' Objection to Pl.'s Mot. for Voluntary Dismissal

Without Prejudice 2, ECF No. 16.  This "new information" "has caused Plaintiff to reassess some of the legal theories contained in the original complaint." *Id.*

DISCUSSION

## I.   Bailey's Rule 41(a) Motion to Dismiss

Under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss a complaint under certain circumstances. Where, as here, the opposing party has served an answer and has not agreed to the dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.*  A Rule 41(a)(2) dismissal may be either with or without prejudice. *See id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.").

Given Defendants' objection to Bailey's dismissal request, the first question for the Court is whether UCC's "counterclaim can remain pending for independent adjudication." *Id.*  The Court finds that it can.  UCC's Counterclaim contains one federal law claim under the Computer Fraud and Abuse Act, 18

U.S.C. § 1030, and the Court may exercise supplemental jurisdiction over UCC's two state law claims.

The next question is whether the dismissal should be with or without prejudice. UCC did not move to dismiss Counts I (Fair Labor Standards Act), III (breach of contract), and V (quantum meruit). Those claims are therefore dismissed as to UCC without prejudice. The Court declines to impose conditions on the voluntary dismissal of Counts I, III, and V.

Defendants ask that the remaining claims be dismissed with prejudice: all claims against Harper and Counts II (recovery of unpaid wages), IV (fraudulent misrepresentation), VI (negligent supervision), VII (negligent retention), and VIII (punitive damages) against UCC. Rather than determining whether Bailey's motion to dismiss these claims should be granted with or without prejudice, the Court finds it appropriate to rule on Defendants' motions to dismiss these claims with prejudice. If these counts of Bailey's Complaint do not state claims upon which relief may be granted and thus Defendants' motions should be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) as to these claims, then Bailey should not be allowed to escape dismissal of those claims with prejudice simply because she now seeks to dismiss them without prejudice.

**II.  Defendants' Rule 12(b)(6) Motions to Dismiss**

    A.  <u>Rule 12(b)(6) Motion to Dismiss Standard</u>

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

B.   Count I – Fair Labor Standards Act Claim

In Count I, Bailey alleges that UCC violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), by failing to pay Bailey overtime wages.  Count I contains no FLSA allegations against Harper.  Bailey does not allege that Harper was her "employer" within the meaning of the FLSA.  *See* 29 U.S.C. § 207(a)(2) (stating that an "employer" must pay overtime pay for time worked in excess of forty hours per week). She only alleges that UCC was her employer.  Compl. ¶ 4.  For these reasons, Count I fails to state an FLSA claim against Harper, and Count I is dismissed with prejudice as to Harper. UCC did not seek dismissal of Bailey's FLSA claim.  As discussed above, Count I as to UCC is dismissed without prejudice.

C.   Count II – Recovery of Unpaid Wages

In Count II, Bailey alleges that she "regularly worked in excess of 80 hours every week" but was never compensated for more than 40 hours of work.  Compl. ¶¶ 17-18.  Count II contains no specific allegations against Harper.  Bailey alleges that UCC, not Harper, was her employer.  Compl. ¶ 4.  Bailey does not allege that Harper had a duty to pay her wages.  For all of these reasons, Count II fails to state a claim against Harper, and Count II is dismissed with prejudice as to Harper.

As it is drafted, Count II is duplicative of Bailey's FLSA claim, and Bailey sets forth no separate legal basis for her

"Recovery of Unpaid Wages Claim."   The Court concludes that the allegations of Count II are subsumed into Bailey's FLSA claim against UCC.   Count II is therefore dismissed with prejudice as to UCC.   This dismissal is not intended to bar a non-FLSA "Recovery of Unpaid Wages" claim that is based on separate, valid authority.   Bailey's Complaint does not, however, state such a claim.

### D.   Count III – Breach of Contract

Count III alleges that UCC breached its agreement to pay Bailey a severance package after UCC terminated Bailey.   Bailey alleges that *UCC* offered Bailey a severance package, that Bailey accepted the package, and that UCC refused to pay.   Compl. ¶ 21. Since Bailey does not allege that she had contract with Harper, Count III fails to state a breach of contract claim against Harper.   Therefore, Count III is dismissed with prejudice as to Harper.   UCC did not seek dismissal of Bailey's Breach of Contract claim.   As discussed above, Count III as to UCC is dismissed without prejudice.

### E.   Count IV – Fraudulent Misrepresentation

Count IV alleges that UCC's employee, Heather Tharpe, made a fraudulent misrepresentation to Bailey regarding the security of her job.   Bailey does not allege that Harper made a fraudulent misrepresentation to her, and she does not allege any other facts that would support a fraudulent misrepresentation

claim against Harper. Accordingly, Count IV is dismissed with prejudice as to Harper.

With regard to UCC, Bailey's claims are similar to the claims of the plaintiff in *Kirkland v. Pioneer Machinery, Inc.*, 243 Ga. App. 694, 534 S.E.2d. 435 (2000). In *Kirkland,* the plaintiff planned to buy a house and asked his supervisor, "'How am I doing?' because he did not want the financial obligation of a house if he were going to be fired from his job." *Id.* at 695, 534 S.E.2d at 436. The supervisor did not tell the plaintiff that his job was in jeopardy, but the plaintiff was fired three weeks later. *Id.* The Georgia Court of Appeals found that even if the supervisor "kept silent in spite of his knowledge that [the plaintiff] was going to be fired," the plaintiff still had no claim because the promise on which the plaintiff allegedly relied was unenforceable because the plaintiff was an at-will employee. *Id.*, 534 S.E.2d at 436-37 (citing *Ely v. Stratoflex*, 132 Ga. App. 569, 571-72, 208 S.E.2d 583 (1974)).

Under Georgia law,

> If a contract of employment provides that wages are payable at a stipulated period, the presumption shall arise that the hiring is for such period, provided that, if anything else in the contract indicates that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. *An indefinite hiring may be terminated at will by either party.*

O.C.G.A. § 34-7-1 (emphasis added). Bailey does not allege in her Complaint that she had an employment contract with UCC for a

specified time period.  In the absence of such an allegation, there are no facts in the Complaint that would, if proved, establish that Tharpe's alleged promise was enforceable.  For these reasons, the Court concludes that Count IV fails to state a fraudulent misrepresentation claim against UCC, and Count IV therefore is dismissed with prejudice as to UCC.

F.    Count V – Quantum Meruit

In Count V, Bailey alleges that she "rendered work, labor, and services to UCC, at the request and on behalf of UCC, for which UCC is obligated to pay [Bailey] the reasonable value of her services."  Compl. ¶ 35.  Count V contains no specific allegations against Harper.  Bailey alleges that UCC, not Harper, was "obligated to pay" her the reasonable value of her services.  *Id.*  Bailey does not allege that Harper was obligated to pay her wages.  For all of these reasons, Count V fails to state a claim against Harper, and Count V is dismissed with prejudice as to Harper.  UCC did not seek dismissal of Bailey's quantum meruit claim.  As discussed above, Count V as to UCC is dismissed without prejudice.

G.    Count VI – Negligent Supervision

Count VI alleges that "UCC at all times had a non-delegable duty . . . to exercise a high degree of care and supervision of the workplace" and that UCC failed in that duty.  Compl. ¶ 39. Bailey does not allege that Harper had or breached any duty to

supervise; rather, Harper is one of the individuals whom Bailey contends was not adequately supervised. *Id.* ¶ 40 (alleging that UCC condoned Harper's "continuing improper relationships" with other UCC employees). For all of these reasons, Count VI fails to state a claim against Harper, and Count VI is dismissed with prejudice as to Harper.

With regard to Bailey's negligent supervision claim against UCC, Bailey must establish that (1) UCC's employee caused an injury to her, and (2) UCC knew or reasonably should have known of the employee's tendencies to engage in the behavior that caused her injuries. *E.g., Leo v. Waffle House, Inc.*, 298 Ga. App. 838, 841, 681 S.E.2d 258, 262 (2009). Bailey alleges that UCC knew that Harper and Tharpe "engage[d] in improper personal and sexual relationships within the workplace." Compl. ¶ 39(a). What Bailey does not allege is how Harper's alleged relationship with Tharpe caused Bailey any injury. First, Bailey summarily alleges that Harper and Tharpe's alleged relationship "encouraged discriminatory promotion and pay practices within the UCC workplace," *id.* ¶ 39(b), but there are no allegations of what the discriminatory promotion and pay practices were or how they applied to Bailey. Second, Bailey summarily alleges that Harper and Tharpe's alleged relationship created a "hostile work environment," *id.* ¶ 40, and that UCC retaliated against persons who complained about a hostile work environment, *id.* ¶¶ 39(c),

39(e).  Bailey does not, however, allege any facts regarding how Harper and Tharpe's alleged relationship created a hostile work environment, to whom the alleged hostile work environment was directed, whether the alleged hostile work environment was unlawful because it was based on a protected trait, or whether Harper and Tharpe's conduct materially altered the terms and conditions of any employee's employment.  Finally, Bailey summarily alleges that "UCC and Harper" are "legally responsible for the damages attributable to Plaintiff's wrongful termination," *id.* ¶ 42, but Bailey alleges no facts regarding her termination except when it happened and that Bailey contends it was "wrongful."  There are no specific allegations that Bailey was terminated for an impermissible reason.  In summary, there is nothing in the Complaint that raises a reasonable expectation that discovery will reveal evidence that Harper and Tharpe's alleged relationship caused Bailey some sort of actionable harm.  Accordingly, Bailey's negligent supervision claim against UCC is dismissed with prejudice.  This dismissal is not intended to bar a valid hostile work environment or wrongful termination claim against UCC.  This dismissal simply finds that Bailey's Complaint does not state such claims, and thus there can be no derivative negligent supervision claim.

H.    Count VII – Negligent Retention

In Count VII, Bailey alleges that UCC negligently retained Heather Tharpe and that UCC's failure to terminate Tharpe resulted in Bailey's termination.  Compl. ¶¶ 43-48.  Bailey does not allege any specific facts regarding how Tharpe caused Bailey's termination.  Again, Bailey does not allege any facts about her termination, except that it occurred on either March 21, 2010, *id.* ¶ 11, or March 25, 2010, *id.* ¶ 20.  Bailey does not allege that Harper had or breached any duty to discipline or fire Tharpe.  She only alleges that UCC should have disciplined or fired Tharpe for her alleged inappropriate relationship with Harper.  For these reasons, Count VII fails to state a claim against Harper, and Count VII is dismissed with prejudice as to Harper.

To state a negligent retention claim against UCC, Bailey must establish that (1) UCC's employee caused an injury to her, and (2) UCC knew or reasonably should have known of the employee's tendencies to engage in the behavior that caused her injuries but retained the employee anyway.  *E.g., Dowdell v. Krystal Co.*, 291 Ga. App. 469, 472, 662 S.E.2d 150, 154 (2008).  Bailey's negligent retention claim is based on UCC's failure to discipline or terminate Tharpe because Tharpe allegedly had an improper relationship with Harper.  Bailey summarily alleges that UCC should have fired Tharpe "to prevent harm and/or other

14

adverse personnel actions toward other employees," Compl. ¶ 44, and that Tharpe was in a "position where she could adversely affect the employment relationship of other employees of UCC," *id.* ¶ 45.   Bailey also summarily alleges that UCC's failure to terminate Tharpe resulted in Bailey's "wrongful termination." *Id.* ¶ 46.   But there are no specific allegations that Tharpe unlawfully caused harm to Bailey or that Tharpe unlawfully and adversely affected Bailey's employment relationship with UCC. Bailey makes no specific allegations that she was terminated for an impermissible reason.   For these reasons, Bailey's negligent retention claim against UCC is dismissed with prejudice.   As with the Court's ruling on Bailey's negligent supervision claim, this dismissal is not intended to bar a valid wrongful termination claim against UCC.   This dismissal simply finds that Bailey's Complaint does not state such a claim, and thus a derivative negligent retention claim does not exist.

I.   Count VIII – Punitive Damages

In Count VIII of her Complaint, Bailey seeks punitive damages based on Count IV, Count VI, and Count VII. *Id.* ¶¶ 49-52.   Given that the Court has dismissed Counts IV, VI, and VII in their entirety, Bailey's claim for punitive damages also fails and is therefore dismissed.

CONCLUSION

For the reasons set forth above, Harper's Motion to Dismiss (ECF No. 5) is granted, and all of Bailey's claims against him are dismissed with prejudice.  UCC's Partial Motion to Dismiss (ECF No. 6) is granted, and Counts II, IV, VI, VII, and VIII against UCC are dismissed with prejudice.  Bailey's Motion for Voluntary Dismissal Without Prejudice (ECF No. 14) is granted as to Counts I, III, and V against UCC and denied as to the remaining counts.  The Court declines to impose conditions on the voluntary dismissal of Counts I, III, and V.  The only claims still standing are those asserted in UCC's Counterclaim which remains pending.

IT IS SO ORDERED, this 15th day of August, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE